PHILIP A. SWEENEY *vs.* TOWN OF ARLINGTON & others.

Middlesex. February 5, 1963. — May 6, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Retirement. Pension. Police.*

A police officer of a town serving also as its director of civil defence under St. 1950, c. 639, when he was retired under G. L. c. 32, § 85E (a), was entitled to a pension based only on the compensation received by him as a police officer, not the total compensation received by him with respect to both positions.

BILL IN EQUITY filed in the Superior Court on July 13, 1959.

The suit was heard by *Vallely*, J.

*James R. Skahan* for the plaintiff.

*Joseph A. Purcell*, Town Counsel, for the defendants.

REARDON, J. This is a bill for declaratory relief under G. L. c. 231A in which the plaintiff seeks a determination of the amount of his annual retirement pay under G. L. c. 32, § 85E, subsection (a). There was a statement of agreed facts. The relevant facts may be summarized as follows:

The plaintiff was appointed a permanent reserve officer in the Arlington police department on April 16, 1934, and a regular patrolman on November 20, 1938. He became successively a sergeant in 1950 and a lieutenant on August 14, 1955. As a lieutenant his highest annual salary was $5,904. On September 29, 1954, the town manager of Arlington appointed him to the office of civil defence director for the town, the appointment being made retroactive to August 1, 1954. In the letter of appointment the town manager said in part, ''The duties of this position shall be performed by you so as not to interfere with your normal duties as Police Sergeant, excepting during periods of extreme emergency when you will be required to devote all of your time to the position of Civil Defense Director.'' The plaintiff's salary as civil defence director originally set at $1,200 a year was subsequently increased to $1,700. By a letter dated October 21, 1958, when he was serving as a police lieutenant and also as civil defence director, the plaintiff applied for retirement from both offices on grounds of service connected disability. Prior to its formal submission to the board of selectmen as the retiring authority, the plaintiff amended his letter to signify that he was applying for retirement in accordance with G. L. c. 32, § 85E (a). The medical panel which examined him thereafter found him to be disabled as a result of an accident connected with his duties as a member of the Arlington police force. By letter dated June 23, 1959, he was notified that the board of selectmen had voted to retire him on a disability pension and that his annual pension would amount to $3,936, or two thirds of $5,904, under the provisions of G. L. c. 32, § 85E (a). On June 30, 1959, he wrote to the board claiming that he was entitled to be retired on the same conditions from his post as civil defence director. This claim was denied by the board. The plaintiff thereupon brought this bill and a judge of the Superior Court entered a decree that his salary as civil defence director was not includable for purposes of computing his pension. From this decree the plaintiff appealed. It is the contention of the plaintiff that his pension

should be based upon the highest annual total rate of compensation received by him for his services in both capacities. General Laws c. 32, § 85E,[1] under the provisions of which the plaintiff sought retirement, is limited in its application to the retirement of members of town police and fire departments.

As director of civil defence the plaintiff held an office established by the town under authority granted by St. 1950, c. 639. As a member of the police department he was subject to and enjoyed the benefits of G. L. c. 31 as a member of the classified civil service. As civil defence director he was not subject to that chapter. His salary as a police lieutenant was paid from the police department budget. As civil defence director he was paid from the civil defence budget. His duties in each capacity as the letter of the town manager of September 29, 1954, had indicated were separate and different. There exists a clear distinction between the intimate relationship which marked the duties of the applicant for retirement in *Murphy* v. *Boston,* 337 Mass. 560, on which the plaintiff herein relies, and the more remote relationship which marked the duties discharged by the plaintiff. In the *Murphy* case it was stated at page 563, ". . . the plaintiff at the time of his retirement was performing, *for the same department of the city, regular teaching work,* under separate appointments, but in performance of the same general statutory mandate laid upon the city, and his regular pay included pay under both types of appointment" (emphasis supplied). Here, in our view,

---

[1] As it read in part on October 21, 1958, it provided: "The selectmen of every town which accepted section eighty-five prior to January first, nineteen hundred and forty-six, or has accepted corresponding provisions of earlier laws, or is authorized by special law to grant non-contributory pensions to members of its police department or fire department, as the case may be, and shall accept this section by vote of the town at a town meeting, shall retire from active service: (a) Any permanent member of the police department and any permanent member of the fire department of such town who becomes permanently disabled, mentally or physically, by injuries sustained through no fault of his own in the actual performance of duty, from further performing duty as such member. . . . Any member of either of said departments retired under the provisions of subdivision (a) of this section shall receive an annual pension equal to two thirds of the highest annual compensation received by him while holding the grade held by him at the time of his retirement. . . ." (St. 1946, c. 576, § 6.) Arlington had accepted § 85E by a vote of a town meeting.

the plaintiff is engaged in diverse work in separate departments of the town, one of which is not provided with the noncontributory retirement benefits which marked the other.

*Decree affirmed.*